1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM COFFIN,

11          Petitioner,                        No. CIV S-09-1556 FCD EFB

12      vs.

13   GARY SWARTHOUT[1],                        FINDINGS AND RECOMMENDATIONS

14          Respondent.

15   _____/

16          Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss on the grounds that the

18   petition fails to state a cognizable claim.  For the reasons that follow, the court concludes that the

19   motion to dismiss must be denied.

20   **I.     Background**

21          Petitioner is currently serving a sentence of 25 years-to-life in California State prison.

22   Pet. at 1.  He challenges the November 28, 2007 decision by the California Board of Parole

23   Hearings ("the Board") to deny him parole.  *Id.* at 4-18.  He argues that the decision was

24   unsupported by "some evidence" that petitioner poses a current risk of danger to society and thus

25   _____

26       [1] Gary Swarthout is substituted as respondent.  *See* Rule 2(a), Rules Governing § 2254
     Proceedings; Fed. R. Civ. P. 25(d).

1

1    deprived him of due process and that the decision constituted a breach of his plea agreement.  *Id.*

2    **II.      Respondent's Motion to Dismiss**

3          Respondent has filed a motion to dismiss containing a two-paragraph legal argument

4    which asserts that, under *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc),

5    petitioner lacks a right to "some evidence" of current dangerousness protected by the federal

6    Constitution.  Thus, respondent argues, the petition fails to state a claim cognizable in a federal

7    petition for writ of habeas corpus because the issue is purely one of state law, citing *Estelle v.*

8    *McGuire*, 502 U.S. 52 (1991).  Respondent does not address petitioner's additional claim that the

9    parole denial constituted a breach of his plea agreement.

10         In *Hayward*, the Ninth Circuit held that the Due Process Clause of the Fourteenth

11   Amendment "does not, *by itself*, entitle a prisoner to parole in the absence of some evidence of

12   future dangerousness."  603 F.3d at 561 (italics added).  The court quickly noted, however, that

13   state statutes can create liberty interests that are protected under the Due Process Clause.  *Id.*; *see*

14   *generally Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("A liberty interest may arise from the

15   Constitution itself, by reason of guarantees implicit in the word 'liberty,' [citation], or it may

16   arise from an expectation or interest created by state laws or policies [citation].").  Finding that

17   California's parole statue gives rise to such an interest, the court then expressly held that, in

18   cases challenging denials of parole in California, the relevant question for the court is "whether

19   the California judicial decision approving the [parole denial] was an 'unreasonable application'

20   [citation] of the California 'some evidence' requirement, or was 'based on an unreasonable

21   determination of the facts in light of the evidence' [citation]." *Hayward*, 603 F.3d at 562-63; *see*

22   *also Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010); *Cooke v. Solis*, 606 F.3d 1206, 1213

23   (9th Cir. 2010).

24          As the Ninth Circuit has subsequently noted, in concluding that federal habeas courts

25   must determine whether a California court's approval of a parole denial was an unreasonable

26   application of the "some evidence" requirement or was based on an unreasonable determination

1    of the facts, "*Hayward* necessarily held that compliance with the state requirement is mandated

2    by federal law, specifically the Due Process Clause." *Pearson*, 606 F.3d at 609.  Thus, the Ninth

3    Circuit has made it clear that California state court determinations upholding parole denials are

4    cognizable via federal petitions for writs of habeas corpus, because California state law provides

5    California prisoners with a liberty interest in parole absent "some evidence" of current

6    dangerousness.  *Id.*; *see also Cooke*, 606 F.3d at 1213; *Hayward*, 603 F.3d at 561-64.

7    Respondent advances no other argument for dismissal of the petition, in whole or in part.

8    **III.    Conclusion**

9          Respondent's motion to dismiss is based on the erroneous premise that petitioner lacks a

10   right protected by the federal Constitution to a determination of parole suitability based on

11   "some evidence."  As the caselaw relied on by petitioner holds the opposite, the motion to

12   dismiss must be denied.

13         Accordingly, IT IS HEREBY RECOMMENDED that respondent's May 10, 2010 motion

14   to dismiss, Dckt. No. 13, be denied.

15         These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within ten days after service of the objections.  The parties are advised

21   that failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23   Dated:  January 7, 2011.

24

25   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

26