1
2
3
4
5
6
7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 WILLIAM COFFIN,

11      Petitioner,                    No. CIV S-09-1556 FCD EFB P

12    vs.

13 GARY SWARTHOUT,

14      Respondent.                    <u>ORDER</u>

15 _____/

16        Petitioner, a state prisoner proceeding without counsel, has filed an application

17 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United

18 States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19        On January 7, 2011, the magistrate judge filed findings and recommendations

20 herein which were served on all parties and which contained notice to all parties that any

21 objections to the findings and recommendations were to be filed within fourteen days.  Neither

22 party has filed objections to the findings and recommendations.

23        In the findings and recommendations, the magistrate judge recommended denying

24 respondent's motion to dismiss the petition, which was premised on the ground that it did not

25 state a cognizable claim because there is no federal due process right to "some evidence" of his

26 current dangerousness supporting the decision of a state actor to deny parole.

1

In denying the motion to dismiss, the magistrate judge relied on *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Since the findings and recommendations issued, however, the United States Supreme Court overruled *Hayward* and held that federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at *2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at *2.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout* – that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Accordingly, petitioner's claim that he was deprived of due process because there was not "some evidence" of his current dangerousness must be dismissed.

However, as the magistrate judge noted, respondent has not addressed petitioner's additional claim that the denial of parole constituted a breach of his plea agreement. Accordingly, the motion to dismiss will be granted only as to the "some evidence" claim and not as to the breach-of-plea-agreement claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 7, 2011, are adopted in part; and

2. Respondent's May 10, 2010 motion to dismiss, Dckt. No. 13, is granted in part, and petitioner's claim that the state deprived him of due process because its decision to

deny him parole was unsupported by "some evidence" of his current dangerousness is dismissed.

DATED: March 21, 2011.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE