IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM COFFIN,

    Petitioner,                    No. 2:09-cv-1556 MCE EFB P

    vs.

GARY SWARTHOUT,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the November 28, 2008 decision by the California Board of Parole Hearings (Board) to deny him parole. He claims that the Board's decision constituted a breach of his plea agreement. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

I. <u>Procedural Background</u>

      Petitioner is confined pursuant to a 1985 judgment of conviction entered against him in the Monterey County Superior Court following his conviction on charges of first degree murder with use of a knife. Dckt. 1 at 1. Pursuant to that conviction, petitioner was sentenced to twenty-five years to life in state prison. *Id.*

1

1  The parole consideration hearing that is placed at issue by the instant federal habeas
2  petition was held on November 28, 2008. *Id.* at 27. Petitioner appeared at and participated in
3  that hearing. *Id.* at 30, *et seq*. Following deliberations held at the conclusion of the hearing, the
4  Board panel announced their decision to deny petitioner parole for three years, as well as the
5  reasons for that decision. *Id.* at 97-106.

6  Petitioner first challenged the Board's 2008 decision denying him parole in a petition for
7  writ of habeas corpus filed in the Monterey County Superior Court. Dckt. No. 18 (Answer), Ex.
8  1. Therein, petitioner alleged that the Board's 2008 decision violated his plea bargain and his
9  right to due process. *Id.* The Monterey County Superior Court denied that petition in a reasoned
10 decision on the merits of petitioner's claims. Dckt. No. 1 at 119-24. With respect to his claim
11 regarding his plea bargain, the Superior Court ruled as follows:

> Finally, Petitioner's claim regarding the violation of his plea
> bargain also fails. The principles enunciated in *INS v. St. Cyr*
> (2001) 533 U.S. 289 relied on by Petitioner as "dispositive on this
> point" are inapplicable to parole hearings.

15 *Id.* at 124.

16 Petitioner subsequently challenged the Board's 2008 decision in a petition for writ of
17 habeas corpus filed in the California Court of Appeal for the Sixth Appellate District. Answer,
18 Ex. 2. That petition was summarily denied. Dckt. No. 1 at 127. Petitioner then filed a petition
19 for writ of habeas corpus in the California Supreme Court. Answer, Ex. 3. That petition was
20 also summarily denied. Dckt. No. 1 at 129.

21 On June 5, 2009, petitioner filed his federal application for habeas relief in this court.
22 Therein, he claimed that the Board's 2008 decision violated his plea agreement and his right to
23 due process. By order dated March 22, 2011, the district judge assigned to this case dismissed
24 petitioner's due process claim. Dckt. No. 16.

25 ////
26 ////

2

## II.     Analysis

### A.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision.  *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  *Price v. Vincent*, 538 U.S. 634, 640 (2003).

3

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.___,___, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of

////

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

§ 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

////

////

////

////

5

habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir. 2003).[2]

### B. Petitioner's Claim: Breach of Plea Agreement

Petitioner's sole remaining claim contained in the habeas petition before this court is that the Board's 2008 decision violated his plea agreement. Dckt. No. 1 at 11. Petitioner states that "central" to his plea agreement was "the understanding that Petitioner would be released on parole if he met the suitability criteria, served sufficient time per the Board's matrix, and was actually granted parole by the Board." *Id.* at 12. Petitioner states that he was motivated to enter into the plea agreement by the "prospect of parole." *Id.* He claims that the Board's decision violated the implied promise of the plea agreement that he would be released on parole. *Id.* He argues that his guilty plea "cannot be interpreted as other than an exchange for the guarantee of parole." *Id.* at 13.

Petitioner notes that at the time he pled guilty to first degree murder, "the parole board was granting parole 46% of the time." *Id.* He argues that "it made no sense for petitioner to plead guilty to life without the possibility of parole via the Executive Branch's political policies of denying parole to 99% of those that come before the parole Board." *Id.* Petitioner further argues that "the Executive Branches decision to virtually eliminate parole grants violate the spirit and terms of Petitioner's plea agreement." *Id.* at 15.[3]

---

[2] The United States Supreme Court has recently granted certiorari in a case apparently to consider this issue. *See Williams v. Cavazos*, 646 F.3d 626, 639-41 (9th Cir. 2011), *cert. granted in part*, ___U.S.___, 132 S. Ct. 1088 (2012).

[3] In support of this claim, petitioner cites *INS v. St. Cyr*, 533 U.S. 289 (2001). In that case, the United States Supreme Court held that former Section 212(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), in which the Attorney General was given broad discretion to waive deportation of resident aliens, "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect ." *Id.* at 326. The Supreme Court found that "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *Id.* at 322. Thus, the Court held,

1    Plea agreements are contractual in nature and are construed using the ordinary rules of
2 contract interpretation. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006);
3 *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). Courts will enforce the literal terms of the
4 plea agreement but must construe any ambiguities against the government. *United States v.*
5 *Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002). "[W]hen a plea rests in any significant degree
6 on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement
7 or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262
8 (1971). In construing a plea agreement, this court must determine what petitioner reasonably
9 believed to be its terms at the time of the plea. *United States v. Anderson*, 970 F.2d 602, 607
10 (9th Cir. 1992), *as amended*, 990 F.2d 1163 (9th Cir. 1993).

11    Petitioner has failed to demonstrate that the Board's 2008 decision finding him unsuitable
12 for parole violated the terms of his plea agreement. There is nothing in the record which reflects
13 a promise by the prosecutor or the trial judge that petitioner would be released or granted parole
14 at any particular time or even before the expiration of his life term. This court may not grant
15 habeas relief based upon petitioner's unsupported statement that he assumed he would be
16 granted a parole date if he served a sufficient amount of time under California's matrix system.
17 In any event, petitioner's expectations, if not reduced to writing in the plea agreement, as to
18 when he should be released on parole do not constitute an "agreement of the prosecutor, so that it
19 can be said to be part of the inducement or consideration of the plea agreement." *Santobello*,
20 404 U.S. at 262. In the absence of an agreement that can be specifically enforced, the Board is
21 not required to find petitioner eligible for parole upon completion of a set term of years. Rather,
22 consideration of parole suitability remains within the sound discretion of the Board. Cal. Penal

---

because the respondent in St. Cyr and other aliens like him "almost certainly relied upon [the significant likelihood of receiving Section 212(c) relief prior to the enactment of AEDPA and IIRIRA] in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief ... has an obvious severe retroactive effect." *Id*. at 325. The decision in *St. Cyr*, which concerns claims under the IIRIRA by resident aliens, is not dispositive of petitioner's claim regarding the 2008 decision by the Board of Parole Terms.

7

Code § 3041. *Accord, Atkins v. Davison*, 687 F. Supp. 2d 964, 975-76 (C.D. Cal. 2009). The decision of the state courts rejecting petitioner's claim in this regard is not contrary to or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts of this case. Accordingly, petitioner is not entitled to habeas relief.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 28, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE